## Helen W. Johnson, Defendant in Error, v. W. H. Mulholand et al., Plaintiffs in Error.

### Gen. No. 15,252.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed February 14, 1911.

TOLMAN, REDFIELD & SEXTON, for plaintiffs in error.

LIPSON & LEVY, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Defendant in error, Helen W. Johnson, had judgment in the Municipal Court of Chicago against plaintiffs in error in an action to recover the sum of $325 which it was alleged had been received by plaintiffs in error for the defendant in error in a real estate transaction in January, 1908, and retained by them.

The controversy is whether the plaintiffs in error as real estate brokers for the defendant in error are entitled to charge the admitted rate of two and one-half per cent. on the amount of cash or $9,000 which defendant in error received in the transaction for her property, or upon the sum of $22,000 the entire value of the property which was encumbered to the amount of $13,000.

Defendant in error, plaintiff below, contended and proved that a special agreement was made with plaintiffs in error that the commission should be only on the cash part of the transaction. On the other hand Mulholand on behalf of the plaintiffs in error testified that no specific amount of commission was ever mentioned. This was a question of fact simply,

and we must regard the verdict of the jury as settling it, for we find no recognized legal ground in this case for disturbing the verdict.

We do not think the evidence in this case establishes an accord and satisfaction. If the jury believed the testimony of Johnson to be true, as it did apparently, then the check of plaintiffs in error for $1,470.90 was not tendered upon condition that, if accepted, it was to be payment in full. Neither the check nor the statement accompanying it contained any such statement. There was no verbal statement to that effect.

The judgment is affirmed.

*Affirmed.*